IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 01-cv-01633-LTB-OES

ANNABELLE D. MATA,

    Plaintiff,

v.

JUDY SAIZ and DANA WELDON,

    Defendants.

_____

ORDER
_____

    The Court of Appeals on February 6, 2006 remanded this action, stayed since August, 2002 pending resolution of qualified immunity defenses. In the interim, lead counsel for the plaintiff, Annabelle Mata, has passed away and the deceased attorney's partner has withdrawn from representation.

    Ms. Mata, transient as a result of her illness, avers that she has in the past several months moved in and out of hospitals, nursing homes, a friend's home, and an assisted living center. As a result, the defendants, Judy Saiz and Dana Weldon, have been unable to correspond with Ms. Mata. They move for dismissal for lack of prosecution, citing Local Rule 10.1.M, which requires attorneys and *pro se* parties to file notice within ten days of any change in address, telephone number, or e-mail address. Ms. Mata has now secured new counsel and opposes the motion to dismiss on the ground that any delay in prosecution resulted from circumstances beyond her control, namely the demise of her previous attorney and her own health problems.

Rules 41(b) of the Federal Rules of Civil Procedure permits district courts to dismiss claims for failure of the plaintiff to prosecute. However, dismissal is a severe sanction appropriate only in cases of willful misconduct or where no lesser sanction will deter the errant party from further misconduct. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988). Though I am not required to find willfulness or bad faith before sanctioning Ms. Mata, I must do so before choosing the particularly drastic sanction of dismissal. *Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995). No evidence of willfulness or bad faith appears here.

The factors relevant to the inquiry whether to dismiss include, "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Archibeque*, 70 F.3d at 1174 (*quoting Ehrenhaus*, 965 F.2d at 921).

The degree of prejudice to the defendants from the delay since February of this year is slight; discovery can recommence where it left off. *Meade*, 841 F.2d at 1521. Any inconvenience to this Court or interference with the judicial process is *de minimis*. *Id*. The causes of the delay were beyond Ms. Mata's control and she is not culpable. And Ms. Mata has had no warning of impending dismissal. Given the slight nature of the delay and the entrance of new counsel on Ms. Mata's behalf, I find and conclude that no lesser sanctions are warranted.

Accordingly, the motion to dismiss is DENIED.

Dated: October __31__, 2006, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge